UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14319-Civ-ROSENBERG
MAGISTRATE JUDGE P.A. WHITE

ALFRED RHINER,                    :

    Plaintiff,               :

                                  REPORT OF
v.                                :   MAGISTRATE JUDGE

JULIE JONES, et al.,              :
                                  :
    Defendants.              :
_____:

## I. Introduction and Background

Alfred Rhiner, a state prisoner, currently confined at Martin Correctional Institution in Indiantown, Florida filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983, claiming that his Eighth Amendment rights have been violated by the defendants. See Complaint. (DE# 1).

Specifically, Rhiner alleges in his complaint that on September 7, 2014, while confined at Okeechobee CI, he was the victim of a brutal assault carried out by former fellow inmates who were gang members. See Complaint at 4. The assault took place in a crowded area of the prison where inmates were waiting in line for food. Id. According to the Plaintiff, the inmates were pushing each other in an attempt to eat first. Id. at 5. The four gang members approached Plaintiff from behind and hit him in the back of his head with some type of weapon that immediately rendered Plaintiff unconscious. Id. The blow caused a large contusion with bleeding from the back of Plaintiff's head. Id. The plaintiff alleges that while he was lying on the ground unconscious, the gang members continued to assault him and slice his face, using state issued razors. Id. Plaintiff states that the concussion caused him to suffer memory loss and he experienced much pain. Id. As a result of the assault, he was rushed to the hospital by ambulance and while

at the hospital, he was required to undergo two major oral
surgeries to repair the broken bones in his jaw. Id. at 5-6. After
his hospital stay, he was returned to Okeechobee CI and confined in
the prison infirmary for three months. Id. at 4.

Plaintiff states that he had been incarcerated for twenty
years in the Florida Department of Corrections and, before the
subject attack, he had not been involved in any violent events and
he never participated in any prison gang activity. Id. He claims
that the subject assault had been unprovoked and unexpected. Id.
The Plaintiff contends that the assault was the result of the lack
of adequate security in the prison in that there were no
corrections officers or security cameras in the area of the prison
where he was assaulted and that particular area was known to both
inmates and officers as a "blind spot." Id. Due to the lack of
adequate security in that area of the facility, multiple assaults
had taken place prior to the subject assault. Id. at 5. Plaintiff
further alleges that after the assault perpetrated against him, he
was not discovered by prison officers for some time and, therefore,
there was a delay in transporting him to the hospital for medical
care. Id. at 6. After his return to Okeechobee CI, Plaintiff was
placed in an isolation cell before being transferred to another
institution. Id.

The plaintiff names as defendants the following individuals in
their individual capacities: Julie Jones, Secretary, Florida
Department of Corrections; Lars Severson, Warden, Okeechobee CI;
Mr. Snyder, Assistant Warden, Okeechobee CI; John/Jane Doe, Duty
Warden, Okeechobee CI; and John/Jane Doe, Officer in Charge,
Okeechobee CI. The Plaintiff asserts that the defendants knowingly
placed his life in danger when they housed him, a non-gang member,
with those inmates who are known gang members and who are known to
carry out violent activities, armed with prison issued razors. Id.

2

at 7. He also alleges that the defendants ignored the lack of
security in the prison, especially in the highly volatile area
where the alleged attack took place. Id. Plaintiff claims that the
defendants were deliberately indifferent to his safety needs and as
a result he was attacked by several gang members and seriously
injured, nearly losing his life. Id. He contends that non-gang
members are often targeted by the active and violent gang members
and this activity is well-known by the defendants. Id. at 7-9.

Because the Plaintiff is subject to the provisions of §§1915
and 1915A, this Court conducted an initial screening of the
complaint. The undersigned entered a preliminary report,
recommending that the case proceed against all named defendants as
to Plaintiff's Eighth Amendment claim and that service of process
be separately ordered upon all defendants. See Preliminary Report
of Magistrate Judge. (DE# 7). The undersigned noted in the Report
that Rhiner had provided a job title that seemed to correspond to
particular positions at Okeechobee CI, so there appeared to be
sufficient identifying information to allow service of process upon
the "John/Jane" Does as well as the more specifically identified
defendants. Id. at 7 n.2., citing, Moulds v. Bullard, 345 F.App'x
387, 390 (11th Cir. 2009)(citing, Dean v. Barber, 951 F.2d 1210,
1215-16 (11th Cir. 1992)). The Honorable Robin L. Rosenberg, United
States District Judge, agreed with the undersigned's
recommendations and ordered the case to proceed against all
defendants. See Order Adopting Magistrate's Report and
Recommendation. (DE# 11).

Thus, the complaint survived screening as to all named
defendants in that this Court determined that the allegations were
sufficient to satisfy the applicable pleading standard regarding
Plaintiff's Eighth Amendment claim. Consequently, service of
process was ordered upon Defendants Julie Jones, Secretary, Florida

Dept. of Corrections; John/Jane Doe (or Lars Severson), Warden, Okeechobee Correctional Institution; Mr. Snyder, Assistant Warden, Okeechobee Correctional Institution; John/Jane Doe, Duty Warden, Okeechobee Correctional Institution; and John/Jane Doe, Officer in Charge on September 7, 2014, Okeechobee Correctional Institution and summonses were issued. (DE# 14, 15).

Service of process was accomplished as to all defendants save for the defendant solely identified as "John/Jane Doe, Officer in Charge." (DE# 20, 21, 22, 23, 27). Defendants Jones, Severson and Snyder have responded to the Complaint by filing a joint Motion to Dismiss (DE# 30), which is now before this Court. The plaintiff has filed a response to the defendants' motion to dismiss (DE# 33), and the defendants have filed a reply (DE# 38).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering a motion to dismiss the court limits its consideration to the pleadings and exhibits attached thereto. Alvarez v. Attorney General for Fla., 679 F.3d 1257, 1259 (11th Cir. 2012), citing, Grossman v. Nationsbank, N.A., 225 F.3d 1228,

4

1231 (11th Cir. 2000)(per curiam). In this case, the facts are drawn not just from the allegations of the plaintiff's complaints, but from the attached exhibits as well, which includes copies of Plaintiff's administrative grievances and responses thereto. See Fed.R.Civ.P. 10(c)(providing that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). See also Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006)(stating that under Fed.R.Civ.P. 10(c), attachments are considered part of the pleading for all purposes, including a Rule 12(b)(6) motion).

Further, when considering whether dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(6), the court must construe the allegations and draw all reasonable inferences in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006). A complaint may not be dismissed pursuant to Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Magluta v. Samples, 256 F.3d 1282, 1283-84 (11th Cir. 2001)(per curiam)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of

state law, complained of in the civil rights suit, violated the
plaintiff's rights, privileges, or immunities under the
Constitution or laws of the United States. Whitehorn v. Harrelson,
758 F.2d 1416, 1419 (11th Cir. 1985).

Pro se complaints are held to "less stringent standards than
formal pleadings drafted by lawyers and can only be dismissed for
failure to state a claim if it appears 'beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106
(1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See
also Haines v. Kerner, 404 U.S. 519 (1972). Despite this more
liberal review, "'conclusory allegations, unwarranted deductions of
facts or legal conclusions masquerading as facts will not prevent
dismissal'" of a pro se plaintiff's complaint. Aldana v. Del Monte
Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005)
(citation omitted).

### III. Eighth Amendment

It is well settled that the treatment a prisoner receives in
prison and the conditions under which he is confined are subject to
scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S.
25, 31 (1993). Beyond just restraining prison officials from
inflicting "cruel and unusual punishments" upon inmates, "[t]he
Amendment also imposes duties on these officials, who must ...
'take reasonable measures to guarantee the safety of the inmates.'"
Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v.
Palmer, 468 U.S. 517, 526–27 (1984)). More particular to the
allegations comprising the instant case, the Supreme Court has made
clear that "prison officials have a duty ... to protect prisoners
from violence at the hands of other prisoners." Id. at 833.
(internal quotation marks omitted). See also Zatler v. Wainwright,
802 F.2d 397, 400 (11th Cir. 1986)("[I]t is well settled that a

prison inmate has a constitutional right to be protected ... from physical assault by other inmates."). Thus, the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); Zatler, 802 F.2d at 400.

Deliberate indifference in the context of a failure to prevent harm has a subjective and an objective component, i.e., a plaintiff must show both "that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm" and "that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.

A prison official violates the Eighth Amendment in this particular situation only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." Caldwell, 748 F.3d at 1099 (emphasis omitted)(internal citation and quotation marks omitted). For a prisoner to state an Eighth Amendment claim premised on a failure to prevent harm, he must allege facts showing that: (1) a substantial risk of serious harm existed; (2) the defendants were deliberately indifferent to that risk, i.e., they both subjectively knew of the risk and also disregarded it by failing to respond in an objectively reasonable manner; and (3) there was a causal connection between the defendants' conduct and the Eighth Amendment violation. See id. The known danger may arise either because there is a risk posed by one specific inmate against

7

another or because there is some other more general pervasive risk of harm since violence at the institution occurs with sufficient frequency that prisoners are put in reasonable fear for their safety with the problem and need for protective measures made known to prison officials. See, e.g., Abrams v. Hunter, 910 F.Supp. 620, 624-25 (S.D.Fla. 1995).

IV. Discussion

Defendants Jones, Stevenson and Snyder argue in their joint motion to dismiss that the complaint should be dismissed, because (1) the complaint has merely pled non-actionable ordinary or gross negligence and Plaintiff cannot establish subjective knowledge of an unforseen assault; (2) the allegations regarding the razor and that Plaintiff's assailants had violent records are unexhausted; and (3) they are entitled to qualified immunity and dismissal of the action with prejudice. See Motion to Dismiss at 2-3, 6-13, 16-8. Defendant Jones also argues that the claims as presented impute knowledge to her and she was not employed at the Florida Department of Corrections at the time of the subject assault. Id. at 3, 13-6. Finally, the defendants argue that injunctive relief is unavailable, because Plaintiff has not established a likelihood of future harm in that he has since been transferred from Okeechobee CI. Id. at 3, 18-21. For the reasons expressed below, the dismissal of this civil rights action is warranted as to defendant Jones, but not warranted as to defendants Severson and Snyder. The defendants correctly argue that Plaintiff is not entitled to injunctive relief. All other arguments are without merit.

A. Defendant Jones

Plaintiff names as a defendant in her individual capacity Julie Jones, current Secretary of the Florida Department of Corrections. Defendant Jones correctly argues that she should be dismissed as a defendant from this action. The alleged attack took

place on September 7, 2014. The Court takes judicial notice of information on the Florida Department of Corrections website, www.dc.stat.fl.us, which indicates that Julie Jones was appointed by Governor Scott as Secretary of the Florida Department of Corrections on January 5, 2015.[1] Accordingly, Plaintiff's complaint fails to set forth sufficient facts showing Defendant Jones had any knowledge of Plaintiff's claim regarding the alleged unsafe conditions at Okeechobee CI and had any ability whatever to take action to prevent the subject attack. See Bowers v. Aramark Corr. Servs., Inc., 2009 WL 1424180, at *2 (M.D. Fla. May 20, 2009).

## B. Failure to State a Claim

The defendants assert that the Plaintiff's complaint fails to state a claim for relief. To state a claim under 42 U.S.C. §1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(per curiam)(citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010)(per curiam)(citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in §1983 cases." Rodriguez v. Secretary, Department of Corr., 508 F.3d 611, 625 (11th Cir. 2007)(quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. §1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995)(per curiam); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984). In the absence of a federal constitutional deprivation or violation of a federal

---

[1] In undergoing a Rule 12(b)(6) analysis, courts are permitted to "take judicial notice of and consider documents which are public records." Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

right, Plaintiff cannot sustain a cause of action against the Defendants under 42 U.S.C. §1983.

For the reasons set forth in the Preliminary Report, which Report has been adopted by Judge Rosenberg, it has been determined that Plaintiff's allegations of an Eighth Amendment violation are sufficient to satisfy the pleading standard as to the named defendants. See Preliminary Report of Magistrate Judge (DE# 7); Order Adopting Magistrate's Report and Recommendation. (DE# 11). As indicated above, when reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court applies the standard of review set forth in Fed.R.Civ.P. 12(b)(6). See Mitchell, 112 F.3d at 1490. The Court accepts as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom which is the same on screening as it is when disposing of a defendant's motion to dismiss. Id. Thus, contrary to the defendants' argument made in their motion to dismiss, the Complaint sufficiently alleges a constitutional violation as to defendants Severson and Snyder for the reasons already set out by the undersigned.

In brief, Plaintiff has pled sufficient facts showing that Defendants Severson and Snyder subjectively knew of the substantial risk posed to Plaintiff by allowing him to be housed with violent gang members who targeted and assaulted non-gang members with razor blades often used as the weapon to inflict physical injury.[2] A prison official possesses actual, subjective knowledge of a substantial risk when the official is "both ... aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and ... also draw[s] the inference." Farmer,

---

[2] The Court assumes the parties' familiarity with the factual background of this case. A more detailed discussion of the case's facts, procedural history and applicable principles of law can be found at this Court's previous Report and Recommendation and Order Adopting Magistrate's Report and Recommendation. (DE# 7, 11).

511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." Id. at 842. The trier of fact may, therefore, "conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id.

### C. Qualified Immunity

The defendants also argue that they are entitled to qualified immunity, because the facts alleged fail to make out a violation of a constitutional right and that the constitutional right was clearly established at the time of the alleged attack. Qualified immunity is "an immunity from suit, rather than merely a defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)(internal emphasis omitted). It "protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Andujar v. Rodriguez, 486 F.3d 1199, 1202 (11th Cir. 2007) (citation omitted).

To be entitled to qualified immunity, a defendant must first establish that he was acting within the scope of his discretionary authority, meaning the government employee must have been performing a legitimate job-related function, or pursuing a job-related goal, through means that were within the official's power to utilize. See Mathews v. Crosby, 480 F.3d 1265, 1269 (11th Cir. 2007); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). Once the defendant has established that he was acting within his discretionary authority, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate," Mathews, 480 F.3d at 1269, by showing: "(1) the defendant violated a constitutional right, and (2) this right was

clearly established at the time of the alleged violation."
Holloman, 370 F.3d at 1264. This Court may consider these two
prongs of the qualified immunity analysis in any order. See Pearson
v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565
(2009).

    As already determined, the Complaint sufficiently alleges a
constitutional violation that is clearly established. Further, the
issue of whether Plaintiff faced a substantial risk of serious
harm, whether Defendants had knowledge of that risk of harm, and
whether the defendants disregarded the risk by failing to take
reasonable measures to protect Plaintiff from an assault carried
out by armed and dangerous gang members are disputed material facts
which cannot appropriately be resolved on the current record and at
this stage of the litigation. Defendants Severson and Snyder are,
therefore, at least for now, not entitled to the protections of
qualified immunity. See Bowen v. Warden, ___ F.3d. ___, 2016 WL
3435501 (11th Cir. June 22, 2016); Dukes v. Miami-Dade County, 232
F.App'x 907, 912-913 (11th Cir. 2007). The defendants are not
precluded from again raising this defense throughout the
proceedings as the facts are developed. See Oladeinde v. City of
Birmingham, 230 F.3d 1275, 1289 (11th Cir. 2000)(explaining that
defendants are "not precluded from asserting the qualified immunity
defense throughout the proceedings as the facts develop[]").

### D. Exhaustion of Administrative Remedies

    The defendants state that plaintiff's allegations that
defendants should not be issuing razor blades to inmates with
violent records has not been exhausted by way of the prison
administrative review process. Section 1997e(a) provides: "No
action shall be brought with respect to prison conditions under
section 1983 of this title, or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." Exhaustion is mandatory under the PLRA. Ross v. Blake, ____ U.S. ____, 2016 WL 3128839, at *5 (June 6, 2016), *citing*, Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)("There is no question that exhaustion is mandatory under the PLRA").

The purpose of the exhaustion requirement is to allow prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. Jones v. Bock, 549 U.S. 199, 204, 127 S. Ct. 910, 914-15, 166 L. Ed. 2d 798 (2007). The exhaustion requirement has "the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." Review of the copies of inmate grievances submitted by Plaintiff and attached to his complaint reveals that Plaintiff properly grieved the subject incident. He claimed in the administrative review process that he was assaulted by four gang members who used weapons and "some of which included state issued razors." See Request for Administrative Remedy or Appeal dated October 2, 2014. (Exhibit AA to Complaint)(DE# 1). The request was reviewed and evaluated before being denied. See Response dated October 21, 2014. (Exhibit AA to Complaint)(DE# 1). Thus, under the facts of this case, Plaintiff's claims have been sufficiently exhausted.

### E. Injunctive Relief

The defendants next contend that Plaintiff is not entitled to pursue injunctive relief. This argument is meritorious.

Unlike claims for monetary relief, claims for injunctive and declaratory relief are prospective in nature, and are intended to prevent future injuries. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563

U.S. 277, 131 S.Ct. 1651 (2011); <u>Adler v. Duval County Sch. Bd.</u>,
112 F.3d 1475, 1477 (11th Cir. 1997). "When the threat of future
harm dissipates, the plaintiff's claims for equitable relief become
moot because the plaintiff no longer needs protection from future
injury." <u>Adler</u>, 112 F.3d at 1477. Accordingly, absent class
certification, the general rule in the Eleventh Circuit is that a
transfer or a release of the plaintiff from one prison to another
will moot that plaintiff's claims for injunctive and declaratory
relief from conditions at the first prison. <u>Smith</u>, 502 F.3d at
1267; <u>McKinnon v. Talladega County, Ala.</u>, 745 F.2d 1360, 1363 (11th
Cir. 1984)("The general rule is that a prisoner's transfer or
release from a jail moots his individual claim for declaratory and
injunctive relief." (citation omitted)). <u>See also</u> <u>Spears v.</u>
<u>Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988)(explaining an
inmate's §1983 claim for injunctive or declaratory relief are moot
once the inmate has been transferred); <u>Wahl v. McIver</u>, 773 F.2d
1169, 1173-74 (11th Cir. 1985)(stating that, "[a]bsent class
certification, an inmate's claim for injunctive and declaratory
relief in a section 1983 action fails to present a case or
controversy once the inmate has been transferred."); <u>Zatler v.</u>
<u>Wainwright</u>, 802 F.2d 397, 399 (11th Cir. 1986).

Plaintiff is no longer confined at Okeechobee CI, the
institution where the brutal attack allegedly occurred. Plaintiff
is currently confined at Martin CI. <u>See</u> DE# 1. Thus, the relief
sought by Plaintiff to prevent future harm to him at the hands of
inmates housed at Okeechobee CI should be dismissed, as moot.

Plaintiff also requests a permanent injunction various forms
of remedial measures he believes will ensure the safety of inmates.
<u>See</u> Complaint at 11. (DE# 1). He requests this Court to compel the
Defendants to ensure that all active gang members be designated to
separate institutions or "camps" within the prison system so that

the gang members will be housed separately from non-gang member prisoners in order to prevent future attacks upon non-gang prisoners. Id. Plaintiff states that by doing so the prison environment would be more conducive to rehabilitation and learning and the assets currently spent by the Florida Department of Corrections on medical care to treat injured inmates could be diverted to rehabilitative programs, etc. Id. He also seeks other forms of measures he believes will enahnce prisoner's safety. Id.

Plaintiff's request for a permanent injunction to protect all non-gang prisoners from future harm at Okeechobee CI cannot survive dismissal. Plaintiff cannot assert third party rights in federal court. He can assert rights only on behalf of himself. Generally, "a litigant must assert his own legal rights and interests and may not ordinarily rely on the rights and interests of third parties." Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir.), *cert. denied*, 513 U.S. 1045, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994)(inmate, in alleging the unconstitutionality of a prison policy, claimed that all inmates, not just himself, were the victims of that policy). "The prohibition against third-party standing promotes the fundamental purpose of the standing requirement by ensuring that the courts hear only concrete disputes between interested litigants who will frame the issues properly." Id. (*citing* Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 220-21, 94 S.Ct. 2925, 2932, 41 L.Ed.2d 706 (1974)). Consequently, based upon the doctrine of standing, plaintiffs may not assert rights for others outside the context of a class action lawsuit. Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)("In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."). Therefore, because plaintiff does not have standing to request this Court to enjoin defendants with respect to current Okeechobee inmates or Florida prisoners

housed elsewhere, to the extent he seeks such relief, his claim is barred. Besselaar v. Siegelman, 2001 WL 936196, at *20-24 (S.D.Ala. May 2, 2001), *aff'd sub nom. Besselaar v. Jones*, 31 F.App'x 202 (11th Cir. 2001).

To the extent that plaintiff is seeking a permanent injunction to protect him from harm at any Florida Department of Corrections facility during the remainder of his imprisonment, this claim too is barred. "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Malowney v. Fed. Collection Dep. Group, 193 F.3d 1342, 1346 (11th Cir.), *cert. denied*, 529 U.S. 1055, 120 S.Ct. 1558, 146 L.Ed.2d 463 (2000)(*citing* City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). "[T]he continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985).

There are no allegations whatever in the complaint that there is a strong likelihood plaintiff again will be subject to a violent attack by an inmate or prison gang. More importantly, defendants Severson and Snyder are employees assigned to Okeechobee CI. Accordingly, any relief sought by plaintiff with respect to Florida Department of Corrections' facilities other than Okechobee CI could not possibly by implemented by these defendants. Besselaar, 2001 WL 936196, at *23, *citing*, Socialist Worker's Party v. Leahy, 145 F.3d 1240, 1248 (11th Cir. 1998). And, as far as an injunction to prevent future harm to other non-gang member prisoners, Plaintiff

16

has not standing to assert their constitutional rights for the reasons stated above.

Thus, all of plaintiff's claims for prospective injunctive relief against defendants Severson and Snyder are barred.

## V. Conclusion

While Plaintiff may not ultimately prevail in this action, the case should go forward, at least until the summary judgment stage, against defendants Snyder and Severson on Plaintiff's Complaint for monetary damages.

## VI. Recommendations

Based upon the foregoing, it is recommended as follows:

1.   The Motion to Dismiss filed by Defendants Jones, Severson and Snyder (DE# 30) be granted to the extent that (a) defendant Jones be dismissed as a party from this action and (b) plaintiff's prayer for injunctive relief be dismissed. The Motion to Dismiss should be denied in all other respects.

2.   Defendants Severson and Snyder should be ordered to file an Answer and Affirmative Defenses to Plaintiff's Complaint by a date certain.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 24th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Alfred Rhiner, <u>Pro</u> <u>Se</u>
    DC# Y02241
    Martin Correctional Institution
    1150 SW Allapattah Road
    Indiantown, FL 34956

    Shane Weaver, AAG
    Office of the Attorney General
    Civil Litigation
    1515 N. Flagler Dr.
    Suite 900
    West Palm Beach, FL 33401